# Exhibit C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| **SECURITIES AND EXCHANGE COMMISSION,** |
| **Plaintiff,** |
| **vs.** |
| **RRBB ASSET MANAGEMENT, LLC and CARL S. SCHWARTZ,** |
| **Defendants.** |

**Case No. 2:20-cv-12523-KM-ESK**

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
### RESPONSES AND OBJECTIONS TO DEFENDANTS'
### <u>FIRST SET OF INTERROGATORIES</u>

Pursuant to Rules 26(b) and 33 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission (the "SEC," "Commission," or "Plaintiff") hereby objects and responds to Defendants RRBB Asset Management, LLC and Carl S. Schwartz's ("Defendants") First Set of Interrogatories ("Interrogatories") as follows:

### <u>PRELIMINARY STATEMENT</u>

1.      The SEC's responses and objections to these Interrogatories are made for the sole purpose of this action.  No incidental or implied admissions are intended in these responses.  The fact that the SEC is responding to all or any part of the Interrogatories should not, without more, be taken as an admission that: (i) the SEC accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (ii) information or documents responsive to that Interrogatory exist; or

1

(iii) the SEC's responses constitute admissible evidence.  The SEC's responses to all or any part of an Interrogatory are not intended to be and shall not be a waiver by the SEC of all or any part of the SEC's objection(s) to that Interrogatory.

2.     While the SEC has engaged in a substantial investigation, the SEC has not necessarily completed (a) its investigation and analysis of the facts relating to this case, (b) fact and expert discovery, (c) motion practice regarding the inadequacy of discovery responses, or (d) preparation for trial.  The following responses accordingly reflect the SEC's present knowledge, information, and belief and may be subject to change or modification based on the SEC's further discovery, or on facts or circumstances that may come to the SEC's knowledge or attention in the future.  The SEC reserves the right to update, amend, or supplement these responses to include additional information that is obtained during yet to be conducted discovery or investigation in accordance with Fed. R. Civ. P. 26(e).

## GENERAL RESPONSES & OBJECTIONS

3.     The SEC objects to each and every Interrogatory to the extent they purport to impose requirements beyond those provided under the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, and this Court's applicable standing order.  In responding to the Interrogatories, the SEC will respond in accordance with its obligations as set forth in the Federal Rules of Civil Procedure, the Local Rules of the District of New Jersey, and this Court's applicable standing order.

4.     The SEC objects to each and every Interrogatory to the extent they (i) seek discovery of matters that are not relevant to any party's claims or defenses or is not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit, or (ii) are otherwise beyond the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

5.     The SEC objects to each and every Interrogatory to the extent they call for a legal conclusion or a legal argument.

6.     The SEC objects to each and every Interrogatory to the extent they seek information that is not reasonably available to the SEC and/or seek information that remains the subject of ongoing discovery.

7.     The SEC objects to each and every Interrogatory to the extent they call for information protected from disclosure and discovery by the attorney-client privilege, the law enforcement-investigative privilege, the deliberative process privilege, the attorney work-product doctrine, or any other applicable privilege. Nothing contained in these responses is intended as, nor shall it in any way be deemed as, a waiver of any of the above-referenced privileges or the attorney work-product doctrine.

8.     The SEC objects to each and every Interrogatory to the extent they request the SEC to "identify all facts" in support a particular contention or allegation in the Complaint.  A plaintiff is not required to present its entire case in discovery responses and parties are not tasked with laying out every detail of their evidentiary case in responding to interrogatories.  *Hicks v. Arya*, No. 2:16-cv-2465 MCE KJN P, 2017 U.S. Dist. LEXIS 135401, 3 (E.D. Ca. Aug. 23, 2017).  In responding to Frost's "state all facts" Interrogatories, the SEC will provide the principal or material facts which support the allegations at issue.  *IQVIA, Inc. v. Veeva Sys.*, No. 2:17-cv-00177-CCC-MF, 2018 U.S. Dist. LEXIS 156984, *5 (D.N.J. Sept. 14, 2018) *Romero v. Macy's, Inc.*, No. 15cv815-GPC-MDD, 2016 U.S. Dist. LEXIS 12343, *8 (S.D. Cal. Sept. 12, 2016).

9.     Additionally, the SEC objects to each and every Interrogatory to the extent they are unduly burdensome and require the SEC to derive a substantial amount of information from the documents the SEC has produced to Defendants, or

that Defendants have in their possession, custody and control, and the burden of deriving or ascertaining the information is substantially the same for the SEC as it would be for Defendants. *See* Fed. R. Civ. P. 33(d).

10.    The SEC responds to these Interrogatories based on information reasonably available to it at this time and reserves its right to supplement or modify its responses. The SEC anticipates undertaking further discovery and reserves the right to introduce at trial any evidence subsequently produced by any party or witness in this case, as well as any evidence subsequently produced by any third party.

11.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the SEC expressly reserves the right to update, amend or supplement its responses and objections to each Interrogatory as and when additional information is discovered or ascertained, and assumes no obligation to do so greater than that imposed by the Federal Rules of Civil Procedure.

Notwithstanding the foregoing objections, which are incorporated by reference as though set forth in full into each response set forth below, the SEC has made a good faith effort to answer each of Defendants' Interrogatories. The SEC reserves its right to present in favor of or in opposition to a summary judgment motion, or at the trial or other proceedings in this lawsuit facts or document not explicitly referenced in the responses below.

## RESPONSES TO SPECIFIC INTERROGATORIES

In addition to the foregoing objections, which are incorporated by reference as if set forth in full into each response below, the Commission responds to each Request as follows.

## INTERROGATORY NO. 1:

Identify all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action, and for each person, provide contact

information, dates of your discussions, and describe in detail the nature, substance, and topics of the communications you had with each person identified.

**RESPONSE TO INTERROGATORY NO. 1:**

In responding to this Interrogatory, the SEC interprets the phrase "persons who have … knowledge, documents, or information relating to any fact alleged in the pleaings" as referring to persons who were present at, participated in, or had contemporaneous knowledge of the incidents and events at issue in this action.

The SEC, in its initial disclosures under Rule 26(a)(1)(a)(i), identified by name, and if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the SEC may use to support its claims.

In addition to its initial disclosures, the SEC has produced the transcripts of the investigative testimony of each witness who testified in the course of the SEC's investigation, which reflects the dates and substance of such testimonies.

Finally, the SEC has produced all documents received from third parties, and from Defendants, in this case, together with the any subpoenas calling for the production of documents.

As such, the answer to this Interrogatory may be determined by examining the SEC's initial disclosures, the transcripts of investigative testimony, and the other documents the SEC has produced.

**INTERROGATORY NO. 2:**

Identify all persons with whom you have had any communication in the RRBB Investigation and about the allegations in the Complaint, and for each person, provide contact information, dates of your discussions, and describe in detail the nature, substance, and topics of the communications you had with each person identified.

**RESPONSE TO INTERROGATORY NO. 2:**

In responding to this Interrogatory, the SEC interprets the phrase "all persons" to refer to persons who were present at, participated in, or had contemporaneous

knowledge of the incidents and events at issue in this action.

The SEC, in its initial disclosures under Rule 26(a)(1)(a)(i), identified by name, and if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the SEC may use to support its claims.

In addition to its initial disclosures, the SEC has produced the transcripts of the investigative testimony of each witness who testified in the course of the SEC's investigation, which reflects the dates and substance of such testimonies.

Finally, the SEC has produced all documents received from third parties, and from defendants, in this case, together with the any subpoenas calling for the production of documents.

As such, the answer to this Interrogatory may be determined by examining the SEC's initial disclosures, the transcripts of investigative testimony, and the other documents the SEC has produced.

## INTERROGATORY NO 3.

Identify the "new client" and/or "Favored Accounts" as alleged in Paragraph 2-3, 30 of the Complaint.

## RESPONSE TO INTERROGATORY NO. 3:

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

## INTERROGATORY NO. 4:

Identify the "Disfavored Accounts," as alleged in Paragraphs 30, 46, 48 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 5:**

Identify "all other RRBB accounts (not including the Favored Accounts)," as alleged in Paragraph 51.

**RESPONSE TO INTERROGATORY NO. 5:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 6:**

Identify all alleged "favorable trades" allocated to the Favored Accounts, and alleged "unfavorable trades" allocated to the Disfavored Accounts between August 12, 2016 and April 10, 2017, as alleged in Paragraph 73.

**RESPONSE TO INTERROGATORY NO. 6:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity,

buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 7:**

Identify all "first-day returns from the trades Schwartz cherry–picked for [the Favored Accounts'] benefit," and all "negative first day returns," as alleged in Paragraph 3 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 8:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegations that, "From approximately August 12, 2016, through April 10, 2017, Schwartz achieved a first day positive return of 0.540% for the Favored Accounts, whereas he achieved a first day *negative* return for all other RRBB accounts (including the Disfavored Accounts) of only -0.156%," as alleged in Paragraph 49 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time,

Case 2:20-cv-12523-KM-ESK   Document 56-3   Filed 05/13/22   Page 10 of 29 PageID: 375

price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (*e.g.*, Butters, Disfavored or Other) will generate the list of trades that collectively compose the first days positive or negative returns for each account type, and Column/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

**INTERROGATORY NO. 9:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegation that "Excluding thr Disfavored Accounts, for the period from approximately August 12, 2016 through April 10, 2017, Schwartz achieved a first day positive return for all RRBB accounts (not including the Favored Accounts) of 0.214%, which was less than half the performance he achieved for the Favored Accounts," as alleged in Paragraph 51 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (*e.g.*, Butters, Disfavored or Other) will generate the list of trades that collectively compose the first days positive or negative returns for each account type, and Column/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

**INTERROGATORY NO. 10:**

Identify all "instances in which Schwartz allocated a favorable trade to the Favored Accounts," and "sold the security the same day, locking in a day-trading profit," as alleged in Paragraph 34 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 11:**

Identify all alleged "disproportionately allocated purchases that were not profitable on the purchase date to the Disfavored Accounts,' as alleged in Paragraph 35.

**RESPONSE TO INTERROGATORY NO. 11:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 12:**

Identify all facts, including all underlying trades, supporting your allegation

that "Schwartz knew, or was reckless or negligent in not knowing that he was disproportionately allocating profitable trades to the Favored Accounts and disproportionately allocating non-profitable trades to the Disfavored Accounts," as alleged in Paragraph 36 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

The SEC objects to the Interrogatory as it request the SEC to identify "all facts" in support a particular contention or allegation in the Complaint.  In responding to this Interrogatory the SEC will provide the principal or material facts which support the allegations at issue.

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first days positive or negative returns,  and Column/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

With respect to the statistical analysis supporting the SEC's allegation that Schwartz knew, or was reckless or negligent in not knowing that he was disproportionately allocating profitable trades to the Favored Accounts and disproportionately allocating non-profitable trades to the Disfavored Accounts," it can be derived through the use of common statistical sampling methodologies, such as a Monte Carlo simulation, Students T-Test of Comparison of Means, and Fisher's Exact Test.  For further explanation of those statistical tests refer to Wikipedia or standard statistical reference works such as Kaye, David H. and David A. Freedman

(2011) "Reference Guide on Statistics," *Reference Manual on Scientific Evidence*, 3rd Ed., pp. 211-302.

## INTERROGATORY NO. 13:

Identify all facts, including all underlying trades, supporting your allegation that "RRBB's trade blotter demonstrates that Schwartz failed to act reasonably when determining how to allocate trades," as alleged in Paragraph 38 of the Complaint.

## RESPONSE TO INTERROGATORY NO. 13:

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first days positive or negative returns,  and Column/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

With respect to the  statistical analysis supporting the SEC's allegation that RRBB's trade blotter demonstrates that Schwartz failed to act reasonably when determining how to allocate trades," it can be derived through the use of common statistical sampling methodologies, such as a Monte Carlo simulation, Students T-Test of Comparison of Means, and Fisher's Exact Test.  For further explanation of those statistical tests refer to Wikipedia or standard statistical reference works such as Kaye, David H. and David A. Freedman (2011) "Reference Guide on Statistics," *Reference Manual on Scientific Evidence*, 3rd Ed., pp. 211-302.

## INTERROGATORY NO. 14:

Identify all facts, including all underlying trades, supporting your allegation

that "Schwartz executed his cherry-picking scheme to benefit the Favored Accounts to induce the account holders to invest additional funds with RRBB," as alleged in Paragraph 39 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 14:**

The SEC objects to the Interrogatory as it request the SEC to identify "all facts" in support a particular contention or allegation in the Complaint.  In responding to this Interrogatory the SEC will provide the principal or material facts which support the allegations at issue.

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first days positive or negative returns,  and Coumn/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

With respect to the statistical analysis supporting the SEC's allegation that "Schwartz executed his cherry-picking scheme to benefit the Favored Accounts to induce the account holders to invest additional funds with RRBB," that analysis can be derived through the use of common statistical sampling methodologies, such as a Monte Carlo simulation, Students T-Test of Comparison of Means, and Fisher's Exact Test.  For further explanation of those statistical tests refer to Wikipedia or standard statistical reference works such as Kaye, David H. and David A. Freedman (2011) "Reference Guide on Statistics," *Reference Manual on Scientific Evidence*, 3rd Ed., pp. 211-302.

**INTERROGATORY NO. 15:**

Identify all facts supporting your allegation that "Schwartz knew that the owners of the Favored Accounts paid close attention to how their accounts performed and had additional funds to invest with RRBB," as alleged in Paragraph 44 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

The SEC objects to the Interrogatory as it request the SEC to identify "all facts" in support a particular contention or allegation in the Complaint.  In responding to this Interrogatory the SEC will provide the principal or material facts which support the allegations at issue.

In answer to this Interrogatory, that SEC refers Defendants to the investigative testimony of Carl Schwartz and the email communications between Schwartz and Butters, including those emails specifically referenced in the Complaint.

**INTERROGATORY NO. 16:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegation that the "likelihood that this disproportionate allocation of profitable and losing trades resulted from random change – as opposed to knowing and intentional conduct – is, at best, less than one in a million," as alleged in Paragraphs 4 and 50 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or

Disfavored) will generate the list of trades that collectively compose the first days positive or negative returns,  and Colum/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

As for the statistical analysis supporting the SEC's allegation that "likelihood that this disproportionate allocation of profitable and losing trades resulted from random change – as opposed to knowing and intentional conduct – is, at best, less than one in a million," can be derived through the use of common statistical sampling methodologies, such as a Monte Carlo simulation, Students T-Test of Comparison of Means, and Fisher's Exact Test.  For further explanation of those statistical tests refer to Wikipedia or standard statistical reference works such as Kaye, David H. and David A. Freedman (2011) "Reference Guide on Statistics," *Reference Manual on Scientific Evidence*, 3rd Ed., pp. 211-302.

## INTERROGATORY NO. 17:

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegation that, "With respect to the Disfavored Accounts, for the period from approximately August 12, 2016 through April 10, 2017, Schwartz achieved a first day negative return of -0.689%," as alleged in Paragraph 53 of the Complaint.

## RESPONSE TO INTERROGATORY NO. 17:

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first days

15

positive or negative returns,  and Coumn/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

**INTERROGATORY NO. 18:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegation that, "Before the new advisory client, the high net-worth couple, invested with RRBB in August 2016, Schwartz and RRBB had cherry picked to the detriment of the Disfavored Accounts, for the benefit of the RRBB other accounts, since at least January 1, 2015," as alleged in Paragraph 55 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 18:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first days positive or negative returns,  and Column/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

**INTERROGATORY NO. 19:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegation that, "From approximately January 1, 2015 through August 11, 2016, Schwartz and RRBB disproportionately allocated unfavorable trades to the Disfavored Accounts and disproportionally allocated favorable trades to RRBB other accounts," as alleged in Paragraph 56 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 19:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first days positive or negative returns,  and Column/Rows L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

**INTERROGATORY NO. 20:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, supporting your allegation that, "During this period, the Disfavored Accounts achieved average first day negative returns of -0.345% while RRBB other accounts achieved average first day positive returns of 0.381%," as alleged in Paragraph 57 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, that reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.   By selecting account type in column O and filtering by the particular account (e.g. Butters or Disfavored) will generate the list of trades that collectively compose the first day

positive or negative returns,  and Coumn/Row L/2 and M/6 reflect the mathematical equations used to generate first day profits and first day returns.

**INTERROGATORY NO. 21:**

During the period January 1, 2015 to August 11, 2016, do you contend Schwartz or RRBB "favored" any particular accounts, and if so, identify the name(s) of any accounts that you contend were favored and the time period in which these accounts were purportedly favored.

**RESPONSE TO INTERROGATORY NO. 21:**

The SEC contends that during the period January 1, 2015 to August 11, 2016 Defendants disfavored the Disfavored Accounts, for the benefit of their Other Client Accounts. Within this latter group of Other Client Accounts, the SEC does not contend that particular accounts were favored relative to others. Rather, the group of Other Client Accounts was favored relative to the Disfavored Accounts.

In further answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 22:**

Identify all facts supporting your allegation that the Defendants "misled the advisory client who received the better trades into thinking RRBB and Schwartz were better at managing their money than they really were, and disadvantaged their other client accounts by failing to allocate the trades in a fair and equitable manner, consistent with their fiduciary obligations to all of their advisory clients," as alleged in Paragraph 6 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 22:**

The SEC objects to the Interrogatory as it request the SEC to identify "all facts" in support a particular contention or allegation in the Complaint. In responding to the Interrogatory the SEC will provide the principal or material facts which support the allegations at issue.

In answer to this Interrogatory, that SEC refers Defendants to the investigative testimony of Carl Schwartz and the email communications Schwartz and Butters, including those emails specifically referenced in the Complaint.

In further answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 23:**

Identify all facts supporting your allegation that the Defendants "misrepresented how RRBB was trading securities for its clients," as alleged in Paragraph 7 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 23:**

The SEC objects to the Interrogatory as it request the SEC to identify "all facts" in support a particular contention or allegation in the Complaint. In responding to the Interrogatory the SEC will provide the principal or material facts which support the allegations at issue.

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity,

buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 24:**

Identify all facts, including all underlying trades, mathematical equations and/or statistical analysis, all instances where Schwartz allegedly "did not always aggregate all of those transactions and allocate them at an average price," as alleged in Paragraph 72 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 24:**

In answer to this Interrogatory, the SEC refers Defendants to the Excel spreadsheet entitled Analysis Data, produced contemporaneously herewith, which reflects all accounts by account number, account name, account type (Butters, Disfavored and Other) and all allocations, by trade date, buy time, symbol, quantity, buy price, investment cost, day trade quantity, sell time, sell price, allocation time, price at allocation, first day profit, first day return, account number, account type and sample period, for the period January 2, 2015 to April 10, 2017.

**INTERROGATORY NO. 25:**

Identify all persons involved with the SEC's mathematical calculations and/or statistical analysis performed in connection with the Complaint.

**RESPONSE TO INTERROGATORY NO. 25:**

The SEC objects to this Interrogatory as its calls for premature expert disclosures. The SEC will identify the person involved with the SEC's mathematical calculations and/or statistical analysis performed in connection with the Complaint in accordance with the schedule for expert disclosures set forth in the Court's February

///

///

///

///

22, 2021 Scheduling Order. Dkt. No. 18.


Dated:  April 30, 2021

/s/ Donald W. Searles

DONALD W. SEARLES
MATTHEW T. MONTGOMERY
Attorneys for Plaintiff
Securities and Exchange Commission

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 444 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 30, 2021, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSES AND OBJECTIONS TO DEFENDANT RRBB ASSET MANAGEMENT AND CARL S. SCHWARTZ'S FIRST SET OF INTERROGATORIES** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  April 30, 2021

_/s/ Camille Simundac_
Camille Simundac

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## 2:20-cv-12523-KM-ESK
## SERVICE LIST

Gary R. Shendell, Esq.
2700 N. Military Trail, Suite 150
Boca Raton, Florida 33431
Tel: 561-241-2323
gary@shendellpollock.com
estella@shendellpollock.com
grs@shendellpollock.com
*Counsel for Defendants RRBB Asset*
*Management LLC and Carl S. Schwartz*

Marc A. Silverman
51 John F. Kennedy Parkway, Ste. 120
Short Hills, New Jersey 07078
Tel: 973-520-2550
marc.silverman@us.dlapiper.com

Caryn G. Schechtman (pro hac vice)
Joshua Kane (pro hac vice
forthcoming)
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-335-4500
caryn.schechtman@us.dlapiper.com
joshua.kane@us.dlapiper.com
*Counsel for Defendant Carl S.*
*Schwartz*

2

Analysis Data - Allocations

| | | | | Number | Cost | | | | | | | Profit | Return | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Summary | | | | [A] | [B] | | | | | | | [C] | [D] = [C]/[B] | | | |
| Totals: | | | | 89 | $7,218,410 | | | | | | | $54,319 | 0.75% | | | |
| | | | | | | | | | | | | | | | | |
| Trade Date | Buy Time | Symbol | Quantity | Buy Price | Investment Cost | Day Trade Quantity | Sell Time | Sell Price | Allocation Time | Price At Allocation | First Day Profit | First Day Return | Account Number | Account Type | Sample Period |
| [1] | [2] | [3] | [4] | [5] | [6]=[4]*[5] | [7] | [8] | [9] | [10] | [11] | [12]=([4] - [7])*[11] + [7]*[9] - [6] | [13]= [12]/[6] | [14] | [15] | [16] |
| 1/8/2015 | 12:08 | CAT | 1,700 | $88.19 | $149,923 | 1,700 | 15:51 | $88.38 | 16:18 | $88.71 | $323 | 0.22% | | Disfavored | Pre-Butters |
| 1/23/2015 | 12:20 | AAL | 1,800 | $54.91 | $98,838 | 1,800 | 14:29 | $55.39 | 14:35 | $55.34 | $864 | 0.87% | | Disfavored | Pre-Butters |
| 1/27/2015 | 10:22 | BA | 675 | $131.34 | $88,655 | 675 | 13:22 | $132.49 | 14:12 | $132.62 | $776 | 0.88% | | Disfavored | Pre-Butters |
| 2/11/2015 | 10:28 | BAC | 5,900 | $16.26 | $95,933 | 5,900 | 12:51 | $16.34 | 13:13 | $16.25 | $473 | 0.49% | | Disfavored | Pre-Butters |
| 2/24/2015 | 10:00 | AAL | 1,900 | $49.50 | $94,050 | 1,900 | 11:34 | $50.09 | 11:39 | $50.15 | $1,121 | 1.19% | | Disfavored | Pre-Butters |
| 3/17/2015 | 11:16 | DAL | 2,200 | $46.37 | $102,014 | 2,200 | 14:02 | $46.73 | 14:06 | $46.74 | $792 | 0.78% | | Disfavored | Pre-Butters |
| 5/22/2015 | 9:55 | AAL | 900 | $42.42 | $38,178 | 847 | 15:58 | $42.73 | 16:11 | $42.63 | $274 | 0.72% | | Disfavored | Pre-Butters |
| 7/2/2015 | 10:19 | HUM | 475 | $187.01 | $88,830 | 475 | 15:50 | $187.39 | 15:54 | $187.77 | $180 | 0.20% | | Other | Pre-Butters |
| 7/13/2015 | 10:38 | HUM | 400 | $184.76 | $73,904 | 400 | 15:59 | $185.07 | 15:48 | $185.05 | $124 | 0.17% | | Disfavored | Pre-Butters |
| 8/27/2015 | 12:20 | AAL | 1,180 | $38.14 | $45,005 | 1,180 | 15:29 | $38.59 | 15:37 | $38.71 | $531 | 1.18% | | Disfavored | Pre-Butters |
| 12/21/2015 | 14:59 | CMG | 225 | $525.02 | $118,130 | 225 | 15:02 | $527.29 | 15:06 | $525.04 | $511 | 0.43% | | Disfavored | Pre-Butters |
| 12/21/2015 | 15:29 | CMG | 225 | $522.01 | $117,452 | 225 | 15:31 | $524.41 | 16:14 | $520.69 | $540 | 0.46% | | Disfavored | Pre-Butters |
| 1/15/2016 | 11:58 | SRPT | 2,800 | $14.80 | $41,440 | 2,800 | 14:14 | $14.86 | 16:04 | $14.10 | $168 | 0.41% | | Disfavored | Pre-Butters |
| 1/20/2016 | 11:44 | NFLX | 900 | $102.44 | $92,196 | 900 | 13:38 | $103.19 | 13:41 | $103.72 | $675 | 0.73% | | Disfavored | Pre-Butters |
| 1/20/2016 | 13:53 | GS | 750 | $153.87 | $115,403 | 750 | 15:15 | $154.89 | 15:24 | $155.83 | $765 | 0.66% | | Disfavored | Pre-Butters |
| 1/21/2016 | 9:44 | GILD | 1,875 | $89.40 | $167,625 | 1,875 | 10:03 | $89.98 | 11:11 | $89.64 | $1,088 | 0.65% | | Disfavored | Pre-Butters |
| 1/21/2016 | 11:00 | BIIB | 525 | $265.01 | $139,130 | 525 | 11:04 | $267.29 | 11:19 | $267.10 | $1,196 | 0.86% | | Disfavored | Pre-Butters |
| 1/22/2016 | 12:23 | GM | 4,700 | $29.25 | $137,475 | 4,700 | 15:59 | $29.28 | 16:03 | $29.28 | $141 | 0.10% | | Disfavored | Pre-Butters |
| 1/27/2016 | 11:22 | AAPL | 1,275 | $94.16 | $120,054 | 1,275 | 11:43 | $95.08 | 11:53 | $95.18 | $1,173 | 0.98% | | Disfavored | Pre-Butters |
| 1/27/2016 | 15:04 | AMGN | 370 | $149.51 | $55,319 | 370 | 15:58 | $150.34 | 16:01 | $150.47 | $307 | 0.56% | | Disfavored | Pre-Butters |
| 1/28/2016 | 13:58 | MRK | 2,500 | $49.12 | $122,800 | 2,500 | 15:56 | $49.24 | 16:01 | $49.20 | $300 | 0.24% | | Disfavored | Pre-Butters |
| 1/29/2016 | 9:41 | GM | 4,400 | $29.11 | $128,084 | 4,400 | 12:29 | $29.43 | 13:55 | $29.28 | $1,408 | 1.10% | | Disfavored | Pre-Butters |
| 1/29/2016 | 14:32 | F | 8,975 | $11.77 | $105,639 | 8,975 | 15:00 | $11.83 | 15:18 | $11.87 | $535 | 0.51% | | Disfavored | Pre-Butters |
| 2/1/2016 | 12:07 | BAC | 7,900 | $13.87 | $109,573 | 7,900 | 15:18 | $13.95 | 15:32 | $13.98 | $632 | 0.58% | | Disfavored | Pre-Butters |
| 2/3/2016 | 10:17 | BAC | 7,700 | $12.62 | $97,174 | 7,700 | 10:55 | $12.80 | 11:04 | $12.71 | $1,386 | 1.43% | | Disfavored | Pre-Butters |
| 2/3/2016 | 11:53 | GS | 1,000 | $150.08 | $150,080 | 1,000 | 14:21 | $151.38 | 14:23 | $151.45 | $1,300 | 0.87% | | Disfavored | Pre-Butters |
| 2/3/2016 | 12:33 | YHOO | 4,000 | $26.94 | $107,760 | 4,000 | 13:44 | $27.26 | 13:48 | $27.27 | $1,280 | 1.19% | | Disfavored | Pre-Butters |
| 2/3/2016 | 13:22 | BAC | 8,100 | $12.62 | $102,222 | 8,100 | 14:14 | $12.78 | 14:35 | $12.92 | $1,296 | 1.27% | | Disfavored | Pre-Butters |
| 2/5/2016 | 11:33 | AMZN | 300 | $506.20 | $151,860 | 300 | 11:58 | $510.99 | 12:03 | $511.67 | $1,437 | 0.95% | | Disfavored | Pre-Butters |
| 2/23/2016 | 11:09 | FIT | 3,800 | $13.19 | $50,122 | 3,800 | 11:36 | $13.44 | 11:39 | $13.44 | $950 | 1.90% | | Disfavored | Pre-Butters |
| 2/24/2016 | 15:25 | FIT | 4,400 | $12.29 | $54,090 | 4,400 | 15:58 | $12.32 | 16:00 | $12.32 | $118 | 0.22% | | Disfavored | Pre-Butters |
| 3/1/2016 | 12:38 | FIT | 5,900 | $12.15 | $71,685 | 5,900 | 13:39 | $12.28 | 13:57 | $12.31 | $767 | 1.07% | | Disfavored | Pre-Butters |
| 5/17/2016 | 12:22 | VRX | 1,275 | $28.51 | $36,350 | 1,275 | 13:07 | $28.72 | 13:09 | $28.74 | $268 | 0.74% | | Disfavored | Pre-Butters |
| 5/24/2016 | 9:58 | MU | 9,900 | $11.24 | $111,275 | 9,900 | 11:30 | $11.33 | 11:32 | $11.36 | $892 | 0.80% | | Other | Pre-Butters |
| 5/26/2016 | 11:03 | GILD | 1,190 | $85.33 | $101,543 | 1,190 | 14:32 | $85.67 | 14:43 | $85.50 | $405 | 0.40% | | Disfavored | Pre-Butters |
| 5/26/2016 | 13:21 | IONS | 2,300 | $21.58 | $49,634 | 2,300 | 14:24 | $21.77 | 14:30 | $21.90 | $437 | 0.88% | | Disfavored | Pre-Butters |
| 5/26/2016 | 15:04 | AA | 6,700 | $9.47 | $63,449 | 6,700 | 15:54 | $9.51 | 16:04 | $9.50 | $268 | 0.42% | | Disfavored | Pre-Butters |
| 6/1/2016 | 9:44 | AGN | 500 | $236.77 | $118,385 | 500 | 9:48 | $237.65 | 9:50 | $237.66 | $440 | 0.37% | | Disfavored | Pre-Butters |
| 6/1/2016 | 10:45 | SRPT | 3,000 | $20.58 | $61,740 | 3,000 | 11:17 | $20.96 | 11:25 | $21.04 | $1,140 | 1.85% | | Disfavored | Pre-Butters |
| 6/2/2016 | 11:01 | D | 1,200 | $71.08 | $85,296 | 1,200 | 13:06 | $71.30 | 13:14 | $71.27 | $264 | 0.31% | | Disfavored | Pre-Butters |
| 6/2/2016 | 12:34 | SRPT | 3,300 | $15.60 | $51,480 | 3,300 | 12:47 | $16.00 | 12:51 | $16.08 | $1,320 | 2.56% | | Disfavored | Pre-Butters |
| 6/3/2016 | 13:15 | SRPT | 3,400 | $15.61 | $53,074 | 3,400 | 15:55 | $15.67 | 16:09 | $15.50 | $204 | 0.38% | | Disfavored | Pre-Butters |

## Analysis Data - Allocations

| Date | Time | Ticker | Shares | Price | Value | Shares | Time | Price | Time | Price | Amount | % | | Cat1 | Cat2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/23/2016 | 9:33 | NVAX | 10,000 | $2.20 | $22,000 | 10,000 | 9:39 | $2.27 | 11:01 | $2.33 | $700 | 3.18% | | Disfavored | Butters |
| 9/23/2016 | 13:50 | NVAX | 14,000 | $2.25 | $31,500 | 14,000 | 15:20 | $2.28 | 15:24 | $2.25 | $420 | 1.33% | | Disfavored | Butters |
| 9/26/2016 | 11:23 | NVAX | 9,900 | $2.32 | $22,968 | 9,900 | 13:48 | $2.36 | 13:54 | $2.37 | $396 | 1.72% | | Disfavored | Butters |
| 9/28/2016 | 13:42 | NVAX | 10,900 | $2.16 | $23,556 | 10,500 | 15:49 | $2.18 | 16:01 | $2.19 | $210 | 0.89% | | Disfavored | Butters |
| 10/5/2016 | 13:05 | CRM | 1,100 | $67.65 | $74,415 | 1,100 | 13:59 | $67.97 | 14:02 | $67.93 | $352 | 0.47% | | Butters | Butters |
| 10/7/2016 | 14:23 | CLVS | 1,100 | $29.66 | $32,626 | 312 | 12:01 | $30.94 | 16:13 | $29.50 | $273 | 0.84% | | Butters | Butters |
| 11/7/2016 | 14:02 | GPRO | 2,850 | $10.35 | $29,498 | 2,850 | 14:36 | $10.63 | 14:40 | $10.63 | $798 | 2.71% | | Butters | Butters |
| 11/10/2016 | 11:37 | GPRO | 6,700 | $10.16 | $68,072 | 6,700 | 15:53 | $10.20 | 16:02 | $10.17 | $269 | 0.39% | | Butters | Butters |
| 11/11/2016 | 11:12 | GPRO | 4,600 | $10.05 | $46,220 | 4,600 | 12:11 | $10.17 | 16:03 | $10.27 | $562 | 1.22% | | Butters | Butters |
| 11/18/2016 | 12:30 | GPRO | 6,500 | $9.94 | $64,610 | 6,500 | 15:29 | $9.97 | 15:43 | $9.98 | $195 | 0.30% | | Butters | Butters |
| 11/22/2016 | 11:09 | GPRO | 6,000 | $9.86 | $59,156 | 6,000 | 15:16 | $9.90 | 15:21 | $9.90 | $244 | 0.41% | | Butters | Butters |
| 11/23/2016 | 9:44 | GPRO | 5,500 | $9.63 | $52,955 | 5,500 | 10:03 | $9.76 | 10:06 | $9.78 | $725 | 1.37% | | Butters | Butters |
| 12/1/2016 | 11:11 | GPRO | 6,000 | $9.78 | $58,680 | 6,000 | 11:48 | $9.86 | 15:10 | $9.79 | $480 | 0.82% | | Butters | Butters |
| 12/2/2016 | 12:04 | GPRO | 6,000 | $9.65 | $57,900 | 6,000 | 15:59 | $9.69 | 16:02 | $9.70 | $240 | 0.41% | | Butters | Butters |
| 12/5/2016 | 11:45 | GPRO | 6,000 | $9.74 | $58,440 | 6,000 | 14:22 | $9.83 | 14:35 | $9.77 | $540 | 0.92% | | Butters | Butters |
| 12/14/2016 | 10:12 | AGN | 300 | $190.36 | $57,108 | 300 | 15:37 | $193.47 | 16:22 | $192.40 | $933 | 1.63% | | Disfavored | Butters |
| 12/20/2016 | 11:14 | CLVS | 800 | $39.90 | $31,920 | 800 | 11:34 | $41.00 | 11:38 | $40.88 | $880 | 2.76% | | Butters | Butters |
| 12/21/2016 | 11:23 | TWTR | 6,000 | $17.08 | $102,450 | 6,000 | 12:23 | $17.15 | 12:26 | $17.10 | $450 | 0.44% | | Disfavored | Butters |
| 12/22/2016 | 9:52 | TWTR | 6,000 | $16.67 | $100,020 | 6,000 | 10:06 | $16.78 | 10:30 | $16.70 | $660 | 0.66% | | Butters | Butters |
| 12/23/2016 | 11:17 | TWTR | 6,000 | $16.43 | $98,579 | 6,000 | 15:36 | $16.49 | 16:02 | $16.50 | $361 | 0.37% | | Butters | Butters |
| 1/12/2017 | 13:17 | FCAU | 6,900 | $10.06 | $69,414 | 6,900 | 13:28 | $10.16 | 13:33 | $10.14 | $690 | 0.99% | | Butters | Butters |
| 1/13/2017 | 10:18 | FCAU | 6,200 | $9.69 | $60,078 | 6,200 | 11:35 | $9.77 | 11:49 | $9.73 | $496 | 0.83% | | Disfavored | Butters |
| 1/23/2017 | 9:59 | AKS | 7,000 | $9.28 | $64,960 | 7,000 | 13:04 | $9.33 | 13:10 | $9.34 | $350 | 0.54% | | Butters | Butters |
| 1/25/2017 | 10:27 | AKS | 7,800 | $8.14 | $63,492 | 7,800 | 10:36 | $8.21 | 10:37 | $8.23 | $546 | 0.86% | | Butters | Butters |
| 1/25/2017 | 11:13 | AKS | 7,800 | $8.17 | $63,726 | 7,800 | 15:10 | $8.23 | 15:17 | $8.24 | $468 | 0.73% | | Butters | Butters |
| 1/26/2017 | 10:44 | AKS | 7,800 | $8.13 | $63,414 | 7,800 | 15:59 | $8.17 | 16:04 | $8.19 | $313 | 0.49% | | Butters | Butters |
| 1/27/2017 | 11:51 | AKS | 8,900 | $7.97 | $70,933 | 8,900 | 13:26 | $8.08 | 13:29 | $8.09 | $979 | 1.38% | | Butters | Butters |
| 1/27/2017 | 15:27 | AKS | 8,100 | $8.03 | $65,043 | 8,100 | 15:41 | $8.08 | 15:43 | $8.07 | $405 | 0.62% | | Butters | Butters |
| 1/31/2017 | 10:05 | AKS | 7,900 | $7.90 | $62,403 | 7,900 | 10:35 | $8.00 | 10:41 | $8.00 | $797 | 1.28% | | Butters | Butters |
| 1/31/2017 | 13:56 | AKS | 7,900 | $7.91 | $62,489 | 7,900 | 14:32 | $7.99 | 16:03 | $8.08 | $632 | 1.01% | | Butters | Butters |
| 2/2/2017 | 12:37 | AKS | 7,900 | $7.87 | $62,173 | 7,900 | 15:49 | $7.94 | 15:53 | $7.93 | $553 | 0.89% | | Butters | Butters |
| 2/7/2017 | 13:04 | AKS | 8,000 | $7.95 | $63,600 | 8,000 | 15:24 | $7.99 | 16:02 | $8.00 | $320 | 0.50% | | Butters | Butters |
| 2/8/2017 | 12:40 | AKS | 8,100 | $7.94 | $64,314 | 8,100 | 14:45 | $8.02 | 14:52 | $8.03 | $648 | 1.01% | | Butters | Butters |
| 2/16/2017 | 10:33 | AA | 5,000 | $37.02 | $185,100 | 5,000 | 10:42 | $37.18 | 10:44 | $37.18 | $800 | 0.43% | | Butters | Butters |
| 2/16/2017 | 10:53 | AA | 2,500 | $36.89 | $92,225 | 2,500 | 11:28 | $37.00 | 11:30 | $37.03 | $275 | 0.30% | | Butters | Butters |
| 2/17/2017 | 12:35 | AA | 2,900 | $36.13 | $104,777 | 2,900 | 15:25 | $36.27 | 15:41 | $36.21 | $406 | 0.39% | | Butters | Butters |
| 2/21/2017 | 15:09 | FCX | 5,900 | $14.05 | $82,895 | 5,900 | 15:25 | $14.12 | 15:33 | $14.12 | $413 | 0.50% | | Butters | Butters |
| 2/24/2017 | 9:53 | AKS | 8,800 | $7.87 | $69,256 | 8,800 | 10:15 | $7.96 | 10:17 | $7.97 | $792 | 1.14% | | Butters | Butters |
| 3/1/2017 | 9:57 | TWTR | 5,900 | $15.67 | $92,453 | 5,900 | 13:24 | $15.76 | 13:25 | $15.75 | $531 | 0.57% | | Butters | Butters |
| 3/1/2017 | 14:05 | TWTR | 6,100 | $15.67 | $95,587 | 6,100 | 15:43 | $15.74 | 15:46 | $15.74 | $427 | 0.45% | | Butters | Butters |
| 3/3/2017 | 10:24 | AMD | 5,500 | $13.08 | $71,940 | 5,500 | 11:22 | $13.23 | 11:24 | $13.24 | $825 | 1.15% | | Butters | Butters |
| 3/3/2017 | 12:07 | AKS | 7,900 | $8.25 | $65,175 | 7,900 | 14:25 | $8.36 | 14:30 | $8.37 | $869 | 1.33% | | Butters | Butters |
| 3/8/2017 | 14:19 | AKS | 7,000 | $7.77 | $54,384 | 7,000 | 15:28 | $7.81 | 15:30 | $7.82 | $293 | 0.54% | | Butters | Butters |
| 3/9/2017 | 13:50 | AKS | 7,100 | $7.75 | $55,025 | 7,100 | 15:34 | $7.79 | 15:42 | $7.78 | $284 | 0.52% | | Butters | Butters |
| 3/13/2017 | 13:48 | AA | 3,300 | $34.58 | $114,114 | 3,300 | 14:20 | $34.81 | 14:29 | $34.89 | $759 | 0.67% | | Butters | Butters |
| 3/14/2017 | 10:29 | AA | 3,600 | $33.79 | $121,644 | 3,600 | 10:49 | $33.97 | 10:51 | $34.04 | $648 | 0.53% | | Butters | Butters |
| 3/14/2017 | 14:49 | AA | 3,600 | $33.96 | $122,256 | 3,600 | 15:49 | $34.25 | 16:01 | $34.19 | $1,044 | 0.85% | | Butters | Butters |

Analysis Data - Accounts

| Account | Name | Type |
|---|---|---|
| | ROBERT BUTTERS & DIANNE BUTTERS JT TEN | Butters |
| | DIANNE BUTTERS CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Butters |
| | SCHWAB CHARITABLE FUND ROBERT BUTTERS DONOR DIANNE BUTTERS DONOR | Butters |
| | JANE & TOM TANG FOUNDATION FOR EDUCATION INC | Disfavored |
| | GRETA ROESCH | Disfavored |
| | JANE Y TANG | Disfavored |
| | JANE Y TANG EX EST OF YUNG C TANG | Disfavored |
| | THE MALVIN AND GRETA ROESCH FOUNDATION | Disfavored |
| | R CARUBA & G ROESCH TT ARTICLE FOURTH TRUST U/W/O MALVIN ROESCH U/W M ROESCH | Disfavored |
| | CLAUDIA J ZIMMER & DAVID E ZIMMER JT TEN | Other |
| | ALLISON L FISCH INH IRA BENE OF BARBARA F LEAF CHARLES SCHWAB & CO INC CUST | Other |
| | CAROL A EGAN CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | MARGARET RICH CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | BRIAN W SHIMANSKY CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| | JIM WOOLDRIDGE TTEE DEAN E. WOOLDRIDGE, JR. TR FOR LISA WOOLDRIDGE - 06/01/2000 | Other |
| | HOLLY HATCH INH IRA BENE OF JOHN J LANGSDORF CHARLES SCHWAB & CO INC CUST | Other |
| | EVE BETH BOLKIN CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | EVE BETH BOLKIN | Other |
| | RICHARD S KAPLAN CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| | TODD SARSFIELD CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| | MARK RICH | Other |
| | H STEIN & C SCHWARTZ TTEE CLARA GETTNER TRUST U/A DTD 09/28/1964 FBO H STEIN | Other |
| | FREDERIC SCHWARTZ & CAROL GACEK SCHWARTZ JT TEN | Other |
| | KELSEY L HATCH CHARLES SCHWAB & CO INC CUST ROTH CONTRIBUTORY IRA | Other |
| | STUART M WIDMAN TTEE STUART M. WIDMAN GIFT TR U/A DTD 12/01/1996 | Other |
| | RICHARD HANSEN & LEONORE HANSEN JT TEN | Other |
| | ANDREW FINGERHUT CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | MARGARET SZOMBATH | Other |
| | J ARAGONA & A ARAGONA TTEE JAMES ARAGONA MD PA PSP U/A DTD 05/15/1990 | Other |
| | EILEEN PUCCI CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | MATHEW E GRUBEL INH IRA BENE OF IRIS GRUBEL CHARLES SCHWAB & CO INC CUST | Other |
| | HOLLY HATCH | Other |
| | SOPHIE K HATCH UMAUTMA UNTIL AGE 21 HOLLY HATCH CUSTODIAN | Other |
| | BRADLEY P CRAMER CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | N, M, K & R WEINBERG TTEES TRUST B U/W C RICHARD WEINBERG DTD 03/19/1996 | Other |
| | LAWRENCE N FRANKEL TTEE FRANCINE SADLON TR FBO DIANE SADLON DTD 07/09/2014 | Other |
| | TED E GOLDSCHLAGER CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | BRADLEY P CRAMER | Other |
| | NAOMI R GOLDMAN CUST FOR JULIA G GOLDMAN UMAUTMA UNTIL AGE 21 | Other |
| | KAREN L MIZERAK CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | ISABEL LANGSDORF CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | RONALD E FISCH INH IRA BENE OF BARBARA F LEAF CHARLES SCHWAB & CO INC CUST | Other |
| | JOHN M O'CONNOR CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | ROBERT M STEIN JR CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| | JEFFREY S WEISS | Other |
| | ROBERT M STEIN JR | Other |
| | MARK RICH CHARLES SCHWAB & CO INC CUST EXC SEARCH LLC 401K | Other |
| | JEROME SPIVACK CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| | L FRANKEL & T SCANNELLI TTEE U/W NORA A FORD SHELLHASE | Other |
| | MATHEW E GRUBEL CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | MATHEW E GRUBEL | Other |
| | JIM WOOLDRIDGE TTEE . DEAN E. WOOLDRIDGE, JR. TR FBO JONATHAN WOOLDRIDGE - 06/01/00 | Other |
| | LINDA M WOOLDRIDGE TTEE JONATHAN WOOLDRIDGE TRUST U/W JACK A MODNE 05/22/2009 | Other |
| | LINDA M WOOLDRIDGE TTEE MICHAEL WOOLDRIDGE TRUST U/W JACK A MODNE | Other |
| | J RAU, C SCHWARTZ, M RAU TTEES U/A DTD 06/07/1951 FBO J RAU | Other |
| | BONNIE CRAMER CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | BARBARA SHERMAN CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |

## Analysis Data - Accounts

| | |
|---|---|
| RENEE WEINBERG TTEE RENEE WEINBERG REV TR U/A DTD 03/19/1996 | Other |
| MARK RICH CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| J RAU & C SCHWARTZ & M WEILL RESIDUARY TRUST U/W JUDITH R GRIFFIN | Other |
| J RAU & C SCHWARTZ & M WEILL ARTICLE IV TRUST U/W JUDITH R GRIFFIN | Other |
| CAROL GACEK SCHWARTZ CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| MARVIN E CLAWSON CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| STEPHEN LANGSDORF TTEE U/W EDGAR LIEBERMAN | Other |
| DIANA WIDMAN CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| ALLISON L FISCH | Other |
| MARY RENE CLAWSON CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| STEPHEN LANGSDORF INH IRA BENE OF ROGER LANGSDORF CHARLES SCHWAB & CO INC CUST | Other |
| JOEL SCHNEIDER | Other |
| OLIVER ACHESON CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| DIANA S WIDMAN TTEE DIANA S WIDMAN DECLARATION OF U/A DTD 06/01/2005 | Other |
| RICHARD J MURRAY CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| BONNIE CRAMER | Other |
| ANDREW L HATCH | Other |
| ELLEN MATTHEWS | Other |
| ROBERT S QUICK | Other |
| H RICH & M RICH TTEE HERMAN AND MARGARET RICH REVOC U/A DTD 05/07/2003 | Other |
| JOSEPH SPERANZA CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| DOUGLAS MCCALL CHARLES SCHWAB & CO INC CUST PINELEAF ASSOCIATES 401(K) I40 | Other |
| H HATCH & A HATCH EX EST OF JOHN J LANGSDORF | Other |
| ROGER LANGSDORF CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| LINDA M WOOLDRIDGE TTEE LISA WOOLDRIDGE TRUST U/W JACK A MODNE | Other |
| ROGER LANGSDORF | Other |
| CAROL A EGAN | Other |
| DIANE ROCCA CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| JOSEPH SPERANZA | Other |
| KENNETH W LANGSDORF CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| BRADLEY P CRAMER & BONNIE CRAMER JT TEN | Other |
| H STEIN & R STEIN TTEE HELEN B STEIN CHARITABLE REMAINDER TR U/A DTD 04/10/1998 | Other |
| HELEN B STEIN CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| DIANA WIDMAN & STUART WIDMAN JT TEN | Other |
| FRANKEL & SCANNELLI TT NORA A SHELLHASE EXEMPTION MARITAL TR PART B U/W NORA FORD SHELLHASE | Other |
| JULIE LOUISE LANGSDORF | Other |
| KELSEY L HATCH | Other |
| KAREN L MIZERAK DESIGNATED BENE PLAN/TOD | Other |
| ROBIN B LANGSDORF INH IRA BENE OF JOHN J LANGSDORF CHARLES SCHWAB & CO INC CUST | Other |
| CARLOS SANCHEZ & IMMACOLATA GRACE SANCHEZ JT TEN | Other |
| LAWRENCE N FRANKEL TTEE FRANCINE SADLON TR FBO CRYSTAL SADLON DTD 07/09/2014 | Other |
| MARC WEINBERG & RUTH FOLIT JT TEN | Other |
| ETHAN LANGSDORF | Other |
| CRAMER'S CARPET INC | Other |
| MARY E GOLDEN DESIGNATED BENE PLAN/TOD | Other |
| KARIN H CHAN | Other |
| NAOMI R GOLDMAN CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| DENISE BENOU STIRES CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| DEBORAH INGERSOLL | Other |
| STUART M. WIDMAN CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| STONEHOPE REALTY ASSOCIATES A PARTNERSHIP | Other |
| JULIE LOUISE LANGSDORF CHARLES SCHWAB & CO INC CUST ROTH CONTRIBUTORY IRA | Other |
| STEPHEN LANGSDORF TTEE KENNETH W LANGSDORF REVOCABLE TRUST DTD 12/01/1990 | Other |
| ROGER LANGSDORF & STEPHEN LANGSDORF & JEANNE LANGSDORF JT TEN | Other |
| R QUICK & D GOODLIFFE TR BARBARA ZWIKL TR UNDER THE ROB U/A DTD 12/31/1991 | Other |
| SONIA L RUBENS CHARLES SCHWAB & CO INC CUST ROTH CONTRIBUTORY IRA | Other |
| FREDERIC SCHWARTZ CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| DIANE ROCCA CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |

## Analysis Data - Accounts

| | | |
|---|---|---|
| | JULIE O'CONNOR CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | H STEIN & C SCHWARTZ TTEE ROBERT M. STEIN SR. TRUST U/A DTD 09/16/1960 FBO H STEIN | Other |
| | JOHN H REISER CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | J RAU, C SCHWARTZ, M RAU TTEES ANNE S RAU FAMILY TR U/W ANN S U/A DTD 04/14/1978 FBO J RAU | Other |
| | BEATRICE RANGALA | Other |
| | R FISCH & J FISCH TTEE HAMPTON HOUSE INC U/A DTD 10/19/1973 | Other |
| | ISABEL LANGSDORF | Other |
| | 262 REALTY ASSOCIATES A PARTNERSHIP | Other |
| | STUART WIDMAN CHARLES SCHWAB & CO INC CUST WIDMAN LAW OFFICES LLC 401K PL | Other |
| | BEATRICE RANGALA CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | STEPHEN LANGSDORF & JEANNE LANGSDORF JT TEN | Other |
| | L NOLL & W NOLL & M NOLL TRUST U/W WILLIAM F NOLL JR U/W W F NOLL FBO L K NOLL | Other |
| | JOHN H RAU CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | TODD  STIRES CHARLES SCHWAB & CO INC CUST SEP-IRA | Other |
| | BEVERLY REILLY CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | HELEN B STEIN TTEE HELEN B STEIN TRUST U/A DTD 04/10/1998 | Other |
| | HERMAN J RICH CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | BONNIE CRAMER | Other |
| | RONALD E FISCH & JOAN H FISCH JT TEN | Other |
| | H RICH & M RICH TTEE HERMAN& MARGARET RICH REV TR H U/A DTD 05/07/2003 | Other |
| | NAOMI R GOLDMAN CUST FOR AMANDA E GOLDMAN UMAUTMA UNTIL AGE 21 | Other |
| | JOHN H RAU | Other |
| | ROBIN B LANGSDORF | Other |
| | MARY E GOLDEN CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | JEROME SPIVACK CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | BEVERLY REILLY CHARLES SCHWAB & CO INC CUST ROTH CONTRIBUTORY IRA | Other |
| | BEVERLY REILLY | Other |
| | JIM WOOLDRIDGE & LINDA M WOOLDRIDGE JT TEN | Other |
| | JIM WOOLDRIDGE CHARLES SCHWAB & CO INC CUST IRA ROLLOVER | Other |
| | JULIE LOUISE LANGSDORF CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY | Other |
| | JOAN H FISCH INH IRA BENE OF BARBARA F LEAF CHARLES SCHWAB & CO INC CUST | |